UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIANO FLORES,<br><br>    Plaintiff,<br><br>    v.<br><br>RALPH DIAZ, et al.,<br><br>    Defendants. | 1:19-cv-01357-AWI-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S EX PARTE EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION BE DENIED**<br>**(ECF No. 3.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.    BACKGROUND**

Marciano Flores ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 26, 2019, together with an ex parte emergency motion for a temporary restraining order and a preliminary injunction. (ECF Nos. 1, 3.) Plaintiff's motion is now before the court.

**II.    PLANTIFF'S ALLEGATIONS IN THE COMPLAINT**

Plaintiff is currently incarcerated at the California City Correctional Facility in California City, California. The events in the Complaint allegedly occurred when Plaintiff was incarcerated at Avenal State Prison in Avenal, California. Plaintiff names as defendants Ralph Diaz (CDCR Secretary), Kathleen Allison (CDCR Director of Adult Institutions) and Rosemary Ndoh (Warden, Avenal State Prison) (collectively, "Defendants").

1

Plaintiff alleges that on December 12, 2017, defendant Allison authored a department memorandum which announced the expansion of the merger of the SNY (Sensitive Needs Yard, previously called Protective Custody) prisoners with the GP (General Population) prisoners in all level 1 and level 2 yards. On July 19, 2018, the Inmate Representatives at Avenal State Prison submitted a group statement to defendant Ndoh voicing their concerns and disagreement with the proposed merger. On September 10, 2018, defendant Diaz authored a department memorandum which set forth the schedule for the merger of the yards. The memo stated that the GP inmates at Avenal State Prison were scheduled to be merged with the SNY prison population in January of 2019.

Plaintiff claims that it has been long understood by both the courts and CDCR officials that SNY prisoners cannot safely merge with GP prisoners. Each and every time these mergers have taken place intentionally or unintentionally, there have been well documented incidents of violence, whether the SNY prisoners attacked and assaulted the GP prisoners out of fear for their lives or were attacked and assaulted themselves by GP prisoners. This planned merger would place Plaintiff at serious risk of harm or injury, in violation of his right to be protected from violence. Plaintiff alleges that Defendants are well aware of and are completely disregarding such an excessive risk to Plaintiff's health and safety.

Plaintiff seeks no monetary damages and alleges that defendants Diaz, Allison, and Ndoh all acted in both their individual and official capacities. Plaintiff seeks a temporary restraining order, preliminary injunction, declaratory relief, and permanent injunction prohibiting a merger of SNY and GP prisoners together.

**III.   LEGAL STANDARDS**

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). Furthermore, the pendency of this action does not give the Court

jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969. The court may not attempt to determine the rights of persons not before it. See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35, 38 S.Ct. 65, 62 L.Ed. 260 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); Lathrop v. Unidentified, Wrecked & Abandoned Vessel, 817 F.Supp. 953, 961 (M.D. Fl. 1993); Kandlbinder v. Reagan, 713 F.Supp. 337, 339 (W.D. Mo. 1989); Suster v. Marshall, 952 F. Supp. 693, 701 (N.D. Ohio 1996); see also Califano v. Yamasaki, 442 U.S. 682, 702, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2) an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the moving party "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The substantive purpose of a TRO is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974). But the legal standard that applies to a motion for a TRO is the same as a motion for a preliminary injunction. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted); Epona v. Cty. of Ventura, 876 F.3d 1214, 1227 (9th Cir. 2017) (same). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in

the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted). "Under Winter, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Section 3626(a)(2) also places significant limits upon a court's power to grant preliminary injunctive relief to inmates. "Section 3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators – no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 999 (9th Cir. 2000).

## IV. DISCUSSION

In his motion, Plaintiff seeks a temporary restraining order and a preliminary injunction restraining Defendants Diaz, Allison, Ndoh, and all persons acting on their behalf from merging the SNY prisoners with the GP prisoners at Avenal State Prison.

Initially, the court notes that, on September 26, 2019, Plaintiff filed a notice of change of address indicating that he was transferred from Avenal State Prison to the California City Correctional Center in California City, California. (ECF No. 4.) Since Plaintiff has been transferred from Avenal and has not presented the court with any evidence demonstrating that he has a reasonable expectation of returning to Avenal State Prison, his request for injunctive relief relating to the policy at Avenal State Prison is moot. Nunez v. Diaz, No. 119CV00686SABPC, 2019 WL 4127205, at *2 (E.D. Cal. Aug. 30, 2019), report and recommendation adopted sub nom. Nunez v. Diaz, et al., No. 119CV00686AWISABPC, 2019 WL 5390531 (E.D. Cal. Oct.

///

22, 2019) (citing <u>Johnson v. Moore</u>, 948 F.2d 517, 519 (9th Cir. 1991) (*per curiam*); <u>see also</u> <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007)).

Further, even if Plaintiff's request for injunctive relief is not moot, Plaintiff has not made a sufficient showing to warrant the granting of a temporary restraining order and a preliminary injunction. First, Plaintiff filed this motion along with his Complaint and no defendant has been served with process. Until one or more of the Defendants has been served with process, this court lacks personal jurisdiction over them, and may not grant the injunctive relief Plaintiff requests. <u>See</u> Fed. R. Civ. P. 65(d)(2); <u>Nunez</u>, No. 119CV00686SABPC, 2019 WL 5390531 at *2 (citing <u>Murphy Bros., Inc.</u>, 526 U.S. at 350).

Second, the Court may issue a TRO without written or oral notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and Plaintiff "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A),(B). Although the restrictions imposed are stringent, they "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." <u>Granny Goose Foods, Inc.</u>, 415 U.S. at 438-39, 94 S.Ct. 1113.

Third, in order to establish that preliminary injunctive relief should be granted, a plaintiff must "demonstrate that irreparable injury is *likely* in the absence of an injunction." <u>Nunez</u>, 2019 WL 4127205, at *2. This requires that a plaintiff allege "specific facts in an affidavit or a verified complaint [which] clearly show" a credible threat of "immediate and irreparable injury, loss, or damage." Fed. R. Civ. P. 65(b)(1)(A). Plaintiff provides the declaration of Kim McGill, an organizer with the Youth Justice Coalition, describing the association's efforts to challenge CDCR's implementation of the merger policy, based on the association's concerns about safety.[1]

---

[1] McGill's declaration implies Plaintiff's transfer to the California City Correctional Facility was retaliatory, but Plaintiff makes no such claim in his Complaint, or in his TRO. <u>See</u> <u>Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.</u>, 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself."); <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994) ("Devose's motion is based on new assertions of

(ECF No. 3 at 12-16.) However, McGill's declaration does not clearly demonstrate that Plaintiff has been, or is currently, assigned to a merged yard and faces imminent harm.

Plaintiff has also provided his own declaration. (ECF No. 3 at 17-21.) In his declaration, Plaintiff asserts that he does not want to integrate pursuant to the merger program. Plaintiff states that based on the integration so far, it is highly likely that violence will erupt, and he made a pledge to be a peacemaker. Plaintiff wishes to remove himself from high risk situations and to stay alive on the prison yards. Plaintiff also wishes to "live and plant seeds so others don't experience what I'm going through." (ECF No. 3 at 21.)

Plaintiff's declaration however does not contain any allegations that he has been, or is currently, assigned to a merged yard pursuant to the integration policy. In fact, Plaintiff's declaration implies that Plaintiff has not been, and is not currently, assigned to a merged yard because he has received, and been found guilty of, at least one Rules Violation Report for Refusing to Accept Assigned Housing. (Id. at 20:10-12.) Therefore, Plaintiff has necessarily failed to show, for purposes of justifying preliminary injunctive relief, any likelihood of success on the merits of his claims. Winter, 555 U.S. at 20.

Therefore, Plaintiff's allegations that he currently faces immediate and irreparable harm are speculative. Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." (citation omitted)). Consequently, Plaintiff has failed to establish that he currently faces the type of immediate and credible threat of irreparable harm necessary to justify extraordinary injunctive relief at this stage of the case. See Alliance for the Wild Rockies, 632 F.3d at 1131 ("Under Winter, plaintiff[ ] must establish that irreparable harm is likely, not just possible"); Goldie's Bookstore, Inc. v. Superior Court of State of Cal., 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury"); Rigsby v. State, No. CV 11-1696-PHX-DGC, 2013 WL 1283778, at *5 (D. Ariz. Mar. 28, 2013) (denying prisoner's

---

mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit.").

TRO based on fear of potential future injury based on past assaults); Chappell v. Stankorb, No. 1:11-CV-01425-LJO, 2012 WL 1413889, at *2 (E.D. Cal. Apr. 23, 2012) (denying injunctive relief where prisoner's claims of injury based on current or future housing decisions were nothing "more than speculative"), report and recommendation adopted, No. 1:11-CV-01425-LJO, 2012 WL 2839816 (E.D. Cal. July 9, 2012). A presently existing actual threat must be shown, even though injury need not be certain to occur. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997); Caribbean Marine Servs. Co., 844 F.2d at 674.

For all the foregoing reasons, Plaintiff's ex parte emergency motion for a temporary restraining order and a preliminary injunction should be denied.

## V. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's ex parte emergency motion for a temporary restraining order and a preliminary injunction, filed on September 26, 2019, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 30, 2020**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE