UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIANO FLORES,<br><br>        Plaintiff,<br><br>    v.<br><br>RALPH DIAZ, et al.,<br><br>        Defendants. | **1:19-cv-01357-AWI-GSA-PC**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR PLAINTIFF'S FAILURE TO STATE A CLAIM (ECF No. 11.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

**I.    BACKGROUND**

Marciano Flores ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On September 26, 2019, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On February 3, 2020, the court screened the Complaint and dismissed it for failure to state a claim, with leave to amend. (ECF No. 11.) On February 27, 2020, Plaintiff filed the First Amended Complaint which is now before the court for screening. (ECF No. 12.) 28 U.S.C. § 1915A.

**II.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions, none of which apply to § 1983 actions. Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002). Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. 444, 555 (2007). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**III.    SUMMARY OF FIRST AMENDED COMPLAINT**

Plaintiff is currently incarcerated at the California City Correctional Facility in California City, California. The events in the First Amended Complaint allegedly occurred when Plaintiff was incarcerated at Avenal State Prison in Avenal, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants Ralph Diaz (CDCR Secretary), Kathleen Allison (Director of Adult Institutions, CDCR) and Rosemary Ndoh (Warden, Avenal State Prison) (collectively, "Defendants").

Plaintiff's allegations follow:

On December 12, 2017, defendant Allison authored a department memorandum which announced the expansion of the merger of the SNY (Sensitive Needs Yard, previously called

Protective Custody) prisoners with the General Population (GP) prisoners in all level 1 and level 2 yards.  On July 19, 2018, the Inmate Representatives at Avenal State Prison submitted a group statement to defendant Ndoh voicing their concerns and disagreement with the proposed merger.  On September 10, 2018, defendant Diaz authored a department memorandum which set forth the schedule for merger of the yards.

Plaintiff claims that it has been long understood by both the courts and CDCR officials that SNY prisoners cannot safely merge with GP prisoners.  Each and every time these mergers have taken place intentionally or unintentionally, there have been well documented incidents of violence.  This is so whether the SNY prisoners attacked and assaulted the GP prisoners out of fear for their lives, or were attacked and assaulted themselves by GP prisoners.  This planned merger would place Plaintiff at serious risk of harm or injury, in violation to his right to be protected from violence.  Plaintiff alleges that Defendants are well aware of and are completely disregarding such an excessive risk to Plaintiff's health and safety.  Defendants are being sued both in their individual and official capacities.

Plaintiff seeks only injunctive relief.  Plaintiff requests that Defendants be prohibited from merging SNY and GP prisoners together, and that the person in charge of housing inmates stop sending GP prisoners to non-designated programming facilities.

## IV.  PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles,

697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Official Capacity

Plaintiff brings this action against Defendants in their official and individual capacities. "Suits against state officials in their official capacity . . . should be treated as suits against the State." Hafer v. Melo, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); Holley v. Cal. Dept. of Corr., 599 F.3d 1108, 1111 (9th Cir. 2010) (treating prisoner's suit against state officials in their official capacities as a suit against the state of California). An official-capacity suit "represent[s] only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166, 105 S.Ct. 3099.

A claim for prospective injunctive relief against a state official in his or her official capacity is not barred by the Eleventh Amendment provided the official has authority to implement the requested relief. Will v. Michigan Dept. of State Police, 491 U.S. 58, 92, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). "A plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013) (citing Hafer, 502 U.S. at 25, 112 S.Ct. 358; Graham, 473 U.S. at 166, 105 S.Ct. 3099); see also Rouser v. White, 707 F.Supp.2d 1055, 1066 (E.D. Cal. 2010) (proper defendant for injunctive relief in suit seeking implementation of CDCR policy is the CDCR Secretary in his official capacity). Instead, Plaintiff need only identify the law or policy challenged as a constitutional violation and name the official or officials within the entity who is or are alleged to have a "fairly direct" connection with the enforcement of that policy, see Holmes v. Estock, No. 3:16-CV-02458-MMA-BLM, 2018 WL 5840043, at *4 (S.D. Cal. Nov. 8, 2018) (quoting Ex parte Young, 209 U.S. 123, 157, 28 S.Ct. 441, 52 L.Ed. 714 (1908) ), and can appropriately respond to injunctive relief. Hartmann, 707 F.3d at 1127 (citing Los Angeles Cnty. v. Humphries, 526 U.S. 29, 35-37, 39; Hafer, 502 U.S. at 25, 112 S.Ct. 358); Colwell, 763 F.3d at 1071; McQueen v. Brown, No. 2:15-CV-2544-JAM-AC P, 2018 WL 1875631, at *4 (E.D. Cal. Apr. 19, 2018), report and recommendation adopted, No. 2:15-CV-2544-JAM-AC P, 2018 WL 2441713 (E.D. Cal. May 31, 2018).

### B.   Failure to Protect – Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation

where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently "substantial risk of serious harm" to his future health. Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

"When a supervisory official advances or manages a policy that instructs its adherents to violate constitutional rights, then the official specifically intends for such violations to occur [and c]laims against such supervisory officials, therefore, do not fail on the state of mind requirement, be it intent, knowledge, or deliberate indifference. OSU Student All. v. Ray, 699 F.3d 1053, 1076 (9th Cir. 2012); accord Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013.)

Here, Plaintiff has not shown that his possible placement on a yard where SNY inmates and GP inmates are merged together is a sufficiently serious threat to his safety. Although there are situations where a Plaintiff does not need to wait until he is actually assaulted to state a claim and obtain relief, a prisoner is required to demonstrate that he faces a specific and non-speculative

6

danger of injury. Plaintiff has not alleged that the policy was actually implemented at Avenal State Prison, nor that he was housed on a merged yard, nor has Plaintiff shown that he would face an excessive risk of harm if he were placed on a merged yard. Plaintiff's statement that "[i]t has been long understood by both the Courts and CDCR officials that SNY prisoners cannot safely merge with General Population prisoners" is conclusory and lacks any factual basis. (ECF No. 12 at 3-4.)

Plaintiff has not alleged that he has any known enemies, or that he was threatened with an assault by any person or group that would have been housed at the Avenal State Prison merged yard where Plaintiff would have been housed. Nunez, 1:19-cv-00686-AWI-SAB, ECF No. 1 at 3 ¶ 3. Plaintiff has not alleged any facts demonstrating that any of the Defendants knew of and disregarded a non-speculative risk to his health or safety. Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) ("The [deliberate indifference] standard does not require that the guard or official believe to a moral certainty that one inmate intends to attack another at a given place at a time certain before that officer is obligated to take steps to prevent such an assault. But, on the other hand, he must have more than a mere suspicion that an attack will occur.").

Therefore, Plaintiff fails to state a claim against any of the Defendants for failure to protect him under the Eighth Amendment.

  **C.** **Constitutional Challenge to Policy Itself**

    **1.** **Facial Challenge**

A constitutional challenge to a policy is "'facial' [if] it is not limited to plaintiff['s] particular case, but challenges application of the law more broadly. . . ." See Nunez, 1:19-cv-00686-AWI-SAB, ECF No. 16 at 7 (quoting John Doe No. 1 v. Reed, 561 U.S. 186, 194 (2010)). Facial challenges are disfavored. Id. (citing Wash. State Grange v. Wash. State Republican Party, 552 U.S. 442, 450 (2008)). "A facial challenge to a [policy] is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the [policy] would be valid. The fact that the [policy] might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid[.]" Id. (quoting United States v. Salerno, 481 U.S. 739, 745 (1987)).

Here, Plaintiff has not alleged any facts demonstrating that implementation of the merger policy would always violate the Eighth Amendment, no matter which SNY or GP inmates or which level 1 or 2 prison yards the policy was applied to.  Id.  Since Plaintiff has not included allegations that the policy would be unconstitutional as applied in all situations, Plaintiff has not pled a cognizable claim against defendants Diaz, Allison, and Ndoh based on facial invalidity of the merger policy under the Eighth Amendment.  Id.

### 2. **As Applied Challenge**

"'[A] [policy] . . . may be held constitutionally invalid as applied when it operates to deprive an individual of a protected right although its general validity as a measure enacted in the legitimate exercise of state power is beyond question.'"  Id. (quoting Little v. Streater, 452 U.S. 1, 16 (1981) (quoting Boddie v. Connecticut, 401 U.S. 371, 379 (1971)).  Thus, to support an "as applied" challenge, Plaintiff must show that his individual circumstances make the general application of the merger policy unconstitutional.  Id. (citing see Doe v. United States, 419 F.3d 1056, 1063 (9th Cir. 2005)).

Here, Plaintiff alleges that the implementation of the policy at Avenal State Prison would place him at serious risk of harm or injury, in violation of his right to be protected from violence, and that defendants Diaz, Allison, and Ndoh are well aware of, and are completely disregarding, such an excessive risk to Plaintiff's health or safety.  However, as discussed above, Plaintiff has not alleged any facts to support his conclusory allegation that implementation of the merger policy would place him at serious risk of harm or injury.  Plaintiff's allegation that defendants Diaz, Allison, and Ndoh are well aware of, and are completely disregarding the excessive risk to Plaintiff's health and safety is a conclusory statement unsupported by any facts.   Plaintiff has not alleged *facts* showing that he told defendants Diaz, Allison, and/or Ndoh, or that each of the Defendants was aware, of a nonspeculative, specific risk to Plaintiff's health and safety.  See id.

Accordingly, Plaintiff has not pled a cognizable claim against defendants Diaz, Allison, and Ndoh that, as applied to Plaintiff, the merger policy is invalid under the Eighth Amendment.

### D. **Injunctive Relief**

8

Plaintiff only requests injunctive relief. Plaintiff is precluded from an award of injunctive relief from any of the Defendants because Plaintiff is no longer housed at Avenal State Prison. Plaintiff requests that Defendants be prohibited from merging SNY and GP prisoners together, and that the person in charge of housing inmates stop sending GP prisoners to non-designated programming facilities. If an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam). On September 16, 2019, Plaintiff filed a notice of change of address, notifying the court that he had been transferred from Avenal State Prison to the California City Correctional Facility. (ECF No. 4.) There are no allegations demonstrating that Plaintiff has a reasonable expectation of returning to Avenal State Prison. Therefore, Plaintiff's claims for injunctive relief are moot.

## V.  CONCLUSION

Based on the foregoing, the court finds that Plaintiff fails to state a cognizable claim against any of the Defendants for violating his constitutional or other federal rights. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Here, the court previously granted Plaintiff leave to amend the complaint with ample guidance by the court, and Plaintiff has not stated any claims upon which relief may be granted under § 1983. The court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case be DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983; and

2. The Clerk be directed to CLOSE this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen days** of the date of service of these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 2, 2020**                    **/s/ Gary S. Austin**
                                                                         UNITED STATES MAGISTRATE JUDGE